AO 91 (Rev. 11/11) Criminal Complaint

U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Apr 23 - 2026**

John M. Domurad, Clerk

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
| Kelly JACOBS, and | ) | Case No.   1:26-MJ-88 (PJE) |
| Christopher BELILE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On

or about the date(s) of April 22, 2026 in the county of Saratoga in the Northern District of New York the

defendants violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) | Conspiracy to distribute and possess with intent to distribute a controlled substance. That violation involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl. |

This criminal complaint is based on these facts:

☒   Continued on the attached sheet.

_____
*Complainant's signature*

Tyler Marshall, Special Agent, HSI
_____
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:   ___4/23/2026_____

_____
*Judge's signature*

City and State:       Albany, NY

Hon. Paul J. Evangelista, U.S. Magistrate Judge
_____
*Printed name and title*

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, HSI. I have been a Special Agent since April 2022 and have received training in United States laws at the Federal Law Enforcement Training Center in Glynco, Georgia. I am currently assigned to the HSI Border Enforcement Security Taskforce ("BEST") in Massena, New York. BEST is tasked with the enhancement of border security by fostering coordinated efforts among federal, state, and local border and law enforcement officials to protect the United States' border cities and communities from trans-national crime, including but not limited to those involving child exploitation, drug trafficking, arms smuggling, bulk-cash smuggling, human trafficking and smuggling, violence, and kidnapping along and across the international borders of the United States.

2.      In addition to my position as a Special Agent, I served as a Border Patrol Agent ("BPA") with the United States Border Patrol ("USBP") from 2011 until 2022. Throughout my time with the USBP, I held many positions including Patrol Agent, Prosecution Agent, and Intelligence Agent on the Northern and Southern Border. My duties as an Intelligence Agent with USBP included investigating crimes involving human smuggling and human trafficking tied to Transnational Criminal Organizations.

3.      I make this application based upon my personal knowledge and upon information received by me from other law enforcement officials. The statements of fact contained in this attached sheet are based upon my personal knowledge, participation in the investigation, information provided by other law enforcement agencies, analysis of documents, and my experience and training. As a result of my participation in this investigation, I am fully familiar with the facts and circumstances of the investigation.

## PROBABLE CAUSE

4.      On April 22, 2026, a Trooper from the New York State Police (NYSP) conducted a traffic stop on a 2025 Nissan Sentra, with New York registration number MDX3980, on Interstate 87, after committing a traffic infraction. There were two occupants in the vehicle. The driver of the vehicle was identified as Kelly JACOBS and the front seat passenger was identified as Christopher BELILE.

5.     During the roadside interview with BELILE, NYSP Trooper Villano observed him to be avoiding eye contact and his body to be shaking uncontrollably along with his arms crossed in front of his body. BELILE advised they were making a day trip to Albany, then heading back home. BELILE advised NYSP his father had rented the car for the trip to Albany but then changed his story to his father rented it for a week so BELILE could do carpentry work.

6.     NYSP Villano asked JACOBS for consent to search the vehicle, which JACOBS denied. JACOBS stated that BELILE was smoking in the car and had marihuana on him but that no other drugs were in the vehicle. JACOBS stated that she is only denying consent because she is the only driver and not the person who rented the vehicle. At this time, NYSP contacted Saratoga County, K-9 Deputy Milligan and advised him of the incident. Deputy Milligan arrived on scene with narcotics K-9 Bruno. Deputy Milligan arrived with his K-9 partner which immediately alerted in the vicinity of the rear passenger side door and quarter panel of the vehicle.

7.     NYSP Troopers began a hand search of the vehicle. NYSP Troopers subsequently located a blue cloth bag in the back passenger side of the vehicle. Inside the blue cloth bag was a "food Saver" vacuum sealed bag containing small, blue in color pills. JACOBS and BELILE were subsequently detained and transported to State Police Wilton Barracks for processing and interviews

8.     The blue pills were field tested at State Police Wilton Barracks by NYSP Investigator Tyler Moffatt from Troop G and yielded positive results for the characteristics of Fentanyl. NYSP Investigator Heath McCrindle weighed the clear plastic bag containing numerous blue pills, weighing approximately 2.32 pounds inclusive of packaging (approximately 1,043 grams).

9.     During a post arrest interview with JACOBS, and after waiving *Miranda*, she stated that BELILE asked her to drive him to the city of Albany and he would pay her a few hundred dollars and that he would have something on him. JACOBS stated that BELILE had been sober for four months so she assumed he was talking about having a small amount of marihuana and did not observe any other drugs. JACOBS stated that she made the mistake of agreeing to take money from BELILE in exchange for giving him a ride, knowing he has something illegal.

10.    Based on my training and experience, the quantity of the fentanyl substance discovered, together with the nature of its packaging, was consistent with methods of distribution rather than personal use.

11.    In light of the foregoing, I respectfully submit that there is probable cause to believe that JACOBS and BELILE committed a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) conspiracy to distribute and possess with intent to distribute a controlled substances (fentanyl).

Attested to by the Affiant:                         Respectfully submitted,

Tyler Marshall
Special Agent
Homeland Security Investigations

I, the Honorable Paul J. Evangelista, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on April 23, 2026 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Paul J. Evangelista
UNITED STATES MAGISTRATE JUDGE